JEHIEL GRIFFIN, RESPONDENT, v. LEONARD P. WINNE, APPELLANT.

*Cutting timber — Injunction to restrain — not granted for mere threats, unaccompanied by acts.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to restrain the defendant from removing trees and cutting timber growing on lands owned by him, which the plaintiff claimed to be entitled to remove, by virtue of an agreement made with the defendant's grantors.

The court at General Term said: "The plaintiff claims a right to cut down timber on land now belonging to the defendant. By the judgment in this action the defendant is enjoined from cutting down such timber himself. It does not appear that the defendant had, previously to the commencement of the action, cut any of this timber. If, as it would seem, he had drawn away timber cut by the plaintiff, there was a sufficient remedy by action at law. The defendant had

threatened to sue the plaintiff if he should cut this timber. But as a general rule mere threats, unaccompanied by acts, do not warrant the extraordinary remedy of injunction.

There has been a tendency of late, as has been remarked in other cases decided in this court, to extend the remedy by injunction, and to apply it where the ordinary remedy of an action for damages was ample. We see no reason, in the present instance, if the plaintiff should be prevented from cutting the timber which he claims, or should in any way be deprived of it, why he might not be compensated sufficiently by an action for damages. There would be no difficulty in ascertaining the damages, and the defendant is shown to be responsible.

Furthermore, the plaintiff may, perhaps, hereafter, by some neglect, forfeit his rights under the contract. This might be a defense in the future to the defendant, if the plaintiff should attempt to cut the timber.

It is suggested that the action should be maintained to prevent a great number of actions for trespass. No action of that kind has yet been commenced. If such an action should be commenced, the parties might rest satisfied with the result and no similar action might ever be brought. There is no evidence, therefore, that numerous actions will be commenced.

For these reasons, we think the judgment should be reversed and a new trial granted, costs to abide the event."

*J. W. Barnum*, for the appellant. *Burditt & Brooks*, for the respondent.

Opinion *per Curiam.*

Present — LEARNED, P. J., and BOOKES, J.; BOARDMAN, J., not acting.

Judgment reversed, new trial granted, costs to abide event.